IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02136-MEH

JARED BURDIN,

      Plaintiff,

v.

DEBORAH LEE JAMES, Secretary of the United States Air Force, and
DAVID J. BUCK, Lieutenant Commander of the 14th Air Force, Vandenburg AFB,

      Defendants.

---

## ORDER GRANTING MOTION TO STAY DISCOVERY

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is the Defendants' Unopposed Motion to Vacate Scheduling Conference, which the Court construes as a motion for a temporary stay of discovery [filed February 9, 2016; docket #17]. The Plaintiff does not oppose the motion, and the Court finds that oral argument would not assist the Court in its consideration of this matter. For the reasons that follow, the Court **grants** the motion to stay.[1]

## BACKGROUND

      On September 25, 2015, the Plaintiff initiated this civil rights action against the Defendants alleging essentially that Defendants violated his Fifth and Sixth Amendment rights related to an investigation and conviction of rape charges from a 2010 incident. *See* Complaint, docket #1. The Plaintiff seeks "an injunction from this Court to compel his Courts-Martial Convening Authority

---

[1]This case has been directly assigned to Magistrate Judge Michael E. Hegarty pursuant to the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges. A completed consent form is due to be filed on or before February 16, 2016. *See* docket #15.

(the current Commander of the 14th Air Force) and/or the Secretary of the Air Force to grant him a new trial." *Id.* at 10. Defendants responded to the Complaint on February 8, 2016 by filing a motion to dismiss for lack of subject matter jurisdiction. *See* docket #16.

In the present motion to stay, the Defendants assert, "The Tenth Circuit has recognized (as with qualified immunity) the wisdom of staying discovery when a defendant government official raises the defense of sovereign immunity." Motion, docket #17 at 2-3 (citing *Liverman v. Committee On The Judiciary, U.S. House of Representatives*, 51 F. App'x 825, 827-28 (10th Cir. 2005) (unpublished)). The Court agrees.

## DISCUSSION

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendants seek protection from the burdensome expense of discovery at this early stage in the case.

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted).

The following five factors guide the Court's determination:

(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality*

*Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a temporary stay of discovery is appropriate in this case. With respect to the first two factors, the Court balances a plaintiff's desire to proceed expeditiously with the case against the burden on a defendant of going forward. Here, the Plaintiff does not object to Defendants' request to stay discovery; thus, to the extent that Plaintiff has any interest in proceeding expeditiously, the Court finds his interest is offset by Defendants' burden.

Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved. *See Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005) (affirming trial court's stay of discovery pending ruling on dispositive motions raising jurisdictional issues). "[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted." *String Cheese Incident, LLC*, 2006 WL 894955 at *2 (imposing a temporary stay of discovery pending resolution of a motion to dismiss for lack of personal jurisdiction). On balance, the Court finds that any potential harm to Plaintiff is outweighed by the burden on Defendants resulting from conducting and responding to discovery while the motion to dismiss is pending.

Consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position. Defendants make no argument concerning the interests of non-parties or the public, and the Court perceives minimal effect, if any, resulting from of a temporary stay of these proceedings.

Therefore, weighing the factors necessary to consider whether to grant the requested stay, the Court finds that a temporary stay of discovery is justified and will be imposed in this case.

### III.   Conclusion

Accordingly, for the reasons stated above,  the Defendants' Unopposed Motion to Vacate Scheduling Conference, which the Court construes as a motion for a temporary stay of discovery [filed February 9, 2016; docket #17] is **granted**.  A temporary stay of discovery is hereby imposed pending resolution of the Defendants' motion to dismiss; accordingly, the Scheduling Conference currently set for March 3, 2016 and all related deadlines are **vacated**.  The parties shall file a status report within five (5) days of any order resolving their motion to dismiss.

Dated at Denver, Colorado, this 10th day of February, 2016.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge